# United States Court of Federal Claims

No. 14-548 L

Filed: January 24, 2018

_____

**MARY A. BAKER, et al.,**

        *Plaintiffs,*

**v.**

**UNITED STATES OF AMERICA,**

        *Defendant.*

_____

Motion to Seal; Public Access to Information; Commercial Information with Competitive Significance

*Mark F. Hearne, II, Esquire*, Arent Fox, LLP, Clayton, MO, for plaintiffs.

*Clare M. Boronow, Esquire*, United States Department of Justice, Environmental and Natural Resources Division, Denver, CO, for defendant.

## OPINION AND ORDER DENYING MOTION TO SEAL

**Hodges,** *Senior Judge.*

The issue remaining in this case is the determination of reasonable attorney fees. Plaintiffs ask that we order the Clerk of Court to seal Exhibit 7 to their Motion for Attorney Fees. The Exhibit contains billing rates that various firms, including plaintiffs' counsel's firm in this action, Arent Fox, reported to the National Law Journal and PricewaterhouseCoopers voluntarily.

Plaintiffs acknowledge that the firm's own rate structure is not confidential, but emphasize that the survey excerpt reveals Arent Fox's position in the marketplace relative to other firms. To establish good cause, they present concerns that other firms could use this information to Arent Fox's detriment.

Defendant counters that, in addition to the fact that the material is not confidential, plaintiffs have not proven that they would be harmed by public access to the information. Moreover, defendant argues that plaintiffs' proof of harm does not outweigh the presumption in favor of public access to judicial records. We agree. Plaintiffs' Motion to Seal is denied for the reasons below.

# DISCUSSION

This court has exclusive, nationwide jurisdiction over Fifth Amendment takings claims such as this in which the just compensation sought exceeds $10,000. This court has the related authority to award reasonable attorney fees and expenses under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c). Plaintiffs have offered Exhibit 7 to support their claimed attorney fees. *See Bywaters v. United States*, 670 F.3d 1221, 1234 (Fed. Cir. 2012).

RCFC 26(c)(1)(G) permits us, for good cause, to protect "a trade secret or other confidential research, development, or commercial information." The United States Court of Appeals for the Federal Circuit has specified that the rule applies to "commercial information that has competitive significance." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011).

The Exhibit does not include Arent Fox's means and methods of calculating billing rates. This material does not disclose a proprietary formula for determining rates, for example, but consists of self-reported billing rates that can be obtained by anyone who visits the National Law Journal website or purchases the PricewaterhouseCoopers survey of rates. If we were to consider Exhibit 7 to be commercial information with competitive significance, the fact remains that the data plaintiffs seek to protect is easily obtained from public sources.

Plaintiffs contend that the important and sensitive information in their Exhibit is not the fees per se, but the firm's relative position in the marketplace. They cite no legal basis for this assertion, however. It may be possible for other firms to use Arent Fox's data to modify their own billing rates, but this is a risk that plaintiffs' counsel presumably were willing to assume for the benefit of being listed on a public website visited by thousands of potential clients.

We believe that harm to the firm's general competitiveness in the marketplace does not meet a level of specificity that would justify our issuance of a protective order. Plaintiffs' own briefing has already revealed that Arent Fox's hourly rates are "consistent with, or lower than, the hourly rates charged by comparable firms." The information in the Exhibit merely supports their contention.

Plaintiffs cite multiple takings cases in this court where similar motions to seal were granted. However, the motions in those cases were unopposed. We must consider whether a particular document should be excluded from the general public on an independent, ad hoc basis once the issue is raised in a given case. Here, plaintiffs would remove from public access information that is already available not only to the public but

also to competitors whom they fear could use it to the firm's competitive disadvantage. Plaintiffs have not established that any harm to the law firm from including Exhibit 7 in the public record would overcome the presumption that weighs in favor of public access.

## CONCLUSION

Plaintiffs' Motion to Seal Exhibit 7 is DENIED. The Clerk of Court will strike two filings: 1) Attachment 77-8 of plaintiffs' Docket No. 77 Motion for Attorney Fees, entitled "Exhibit 7 – Filed Under Seal," and 2) plaintiffs' Docket No. 79 filing, entitled "Sealed Administrative Record." Plaintiffs will now file, as a separate docket entry, a complete unsealed copy of Exhibit 7 by January 29, 2018.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge